[Cite as *State v. Armstrong*, 2017-Ohio-1420.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| -vs- | : | **CASE NO. 2017-T-0023** |
| AUNDRE L. ARMSTRONG, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2008 CR 00471.

Judgment: Appeal dismissed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Aundre L. Armstrong,* pro se, PID: A664-131, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Road, Marion, OH 43302 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} This matter is before this court on appellee, the state of Ohio's, motion to dismiss the appeal as being untimely and for appellant's failure to attach a copy of the judgment entry being appealed. No brief or memorandum in opposition to the motion has been filed.

{¶2} On March 10, 2017, appellant, pro se, filed a notice of appeal. On the notice, appellant indicated that he was appealing from a February 21, 2017 judgment

entry. There was no judgment entry attached to the notice of appeal, and no February 21, 2017 entry was listed on the trial court docket.

{¶3} However, the trial court did issue a nunc pro tunc sentencing entry on January 26, 2017, pursuant to this court's limited remand in 11th Dist. Trumbull No. 2015-T-0131, which is still pending with this court.

{¶4} Loc.R. 3(D)(2) of the Eleventh District Court of Appeals states:

{¶5} "The appellant shall attach to the Notice of Appeal a copy of the judgment entry or entries being appealed. Appellant's failure to attach a copy of the judgment entry or entries may result in the dismissal of the appeal sua sponte and without notice."

{¶6} App.R. 4(A)(1) states in relevant part:

{¶7} "* * * [a] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry. * * *."

{¶8} App.R. 5(A) states:

{¶9} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶10} "(a) Criminal proceedings;

{¶11} "(b) Delinquency proceedings; and

{¶12} "(c) Serious youthful offender proceedings.

{¶13} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * *."

**{¶14}** In the present case, appellant failed to attach a copy of the entry for which he appeals. Additionally, if he is appealing the trial court's January 26, 2017 nunc pro tunc sentencing entry, his notice of appeal was filed eleven days beyond the thirty-day rule set forth in App.R. 4(A)(1), and he has not sought leave to appeal under App.R. 5(A). Thus, this court is without jurisdiction to consider this appeal.

**{¶15}** Accordingly, appellee's motion to dismiss is granted, and the appeal is hereby dismissed.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.